Shawna **RADUNZ**, Appellant,

v.

**FARM BUREAU LIFE INSURANCE COMPANY**, Respondent.

No. C6–88–621.

Court of Appeals of Minnesota.

Nov. 15, 1988.

Robert M. Greising, Greising Law Offices, P.A., Waterville, for appellant.

Philip R. Reitan, Reitan & Ingman, Mankato, for respondent.

Heard, considered and decided by SCHUMACHER, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

SCHUMACHER, Judge.

Appellant brought an action to collect on a life insurance policy issued by respondent to one Edward Smith. Appellant argues that the trial court erred in granting respondent's motion for summary judgment because Edward Smith's life insurance policy was in effect at the time of his death.

### FACTS

This is an action by Shawna Radunz, the appellant, to collect the proceeds as beneficiary on a $50,000 life insurance policy issued to Edward Smith. Ms. Radunz and Mr. Smith were living together at the time in Shawna Radunz's home. It was stipulated that Edward Smith was murdered in September of 1983. The respondent Farm Bureau Life Insurance Company (Farm Bureau) contends that the policy was not in effect at the time of his death because the policy was never physically delivered or accepted nor was the entire first premium paid.

On July 13, 1983, respondent's agent Daryl Meyers secured life insurance applications on the life of Shawna Radunz, her son Patrick, and Edward Smith. Mr. Smith applied for a $50,000 universal life policy, completed the application, paid $25.00, and was given a conditional receipt. Shawna Radunz was the named beneficiary on Edward Smith's policy.

On August 12, 1983, Farm Bureau mailed Smith's policy to agent Meyers. On August 24, 1983 the insurance agent attempted to deliver the three policies to Shawna Radunz. The agent was to collect $185.00 to complete payment on the first premium of Mr. Smith's policy. That amount along with the initial $25.00 deposit collected when the application was made, would cover the applicant for the period of July 13, 1983 to January 13, 1984. Ms. Radunz accepted her policy and her son's policy but refused to accept Edward Smith's policy or to pay the premium. Ms. Radunz told Meyers she and Smith had had a violent argument and he had left her home. Ms. Radunz stated she would not have anything to do with Smith at any time in the future and she would not accept any mail sent to him. Unable to locate Smith, agent Meyers returned Smith's policy to the home office of Farm Bureau on August 29, 1983.

On September 1, 1983 Farm Bureau sent a letter to Smith stating that since he had decided not to accept the life insurance, they were returning his initial deposit. The letter was returned as not deliverable. At about this time, Farm Bureau destroyed the policy.

The parties stipulated that Smith was murdered on September 22, 1983 but his body was not found until April of 1984. Smith died more than 60 days after the insurance application had been taken out.

### ISSUE

Was Edward Smith's life insurance policy in effect at the time of his death?

### ANALYSIS

Since the facts of this case are not in dispute, summary judgment is an appropri-

ate means of disposition. What is in dispute is whether or not Edward Smith's insurance policy was in effect at the time of his death. The trial court decided that as a matter of law, the insurance policy was not in effect.

■ The appellant asserts that the life insurance policy of Edward Smith was in effect at the time of his death. Respondent contends that it was not in effect because the first premium had not been paid and the policy had not been physically delivered. When there is a provision in a life insurance policy which specifically states that a policy shall not take effect until the first premium is paid and the policy is delivered; this provision is valid in the absence of estoppel or waiver. *Ziegler v. National Life & Accident Ins. Co.*, 441 F.2d 869 (8th Cir.1971).

Appellant contends that the policy was effective at Edward Smith's death because it was constructively delivered and therefore a contract was formed. The constructive delivery argument relies entirely on the case of *Wanshura v. State Farm Life Insurance Company*, 275 N.W.2d 559 (Minn.1978). In *Wanshura,* the life insurance policy was delivered to a State Farm agent for delivery. The agent called Mrs. Wanshura and spoke with her. She, over the phone, agreed to increase premiums and set up a policy delivery time with the agent for the following day. During the phone conversation, the agent learned that the husband was hospitalized and the agent refused to deliver the life insurance policy covering Mr. Wanshura. Mr. Wanshura died shortly thereafter. Mrs. Wanshura claimed that the policy was in effect at the time of his death because it had been constructively delivered to her. The court held for the wife, stating that she was acting as an agent for her husband. Mrs. Wanshura had agreed to the increased premiums and she had set up an appointment for the policy delivery. The court held that this was sufficient to show constructive delivery. *Id.* at 565.

■ The *Wanshura* case is distinguishable from the present case and does not support a constructive delivery argument.

First, it is arguable whether Shawna Radunz could be considered Edward Smith's agent. Second, she refused to pay for the policy. Third, she would not accept the policy when the insurance agent attempted to deliver it. These facts do not support a theory of constructive delivery.

■ There is no constructive delivery if there are still conditions precedent which the insurance applicant must perform. *Rogers v. Great–West Life Assur. Co.*, 138 F.2d 474, 475 (8th Cir.1943). These conditions are listed in Edward Smith's insurance application under subsection 2 of the "Representations Authorization and Acknowledgment Statement." Subsection (2) is as follows:

> Except as provided in the conditional receipt attached hereto and unless it is delivered to the applicant and the premium payment therein described is made, no insurance shall take effect unless a policy has been issued by the Company, physically received and accepted by the applicant and the entire first premium paid while, to the best of his knowledge, there has been no change, since the date of this application, in the health and insurability of all persons proposed for coverage.

■ Even if Shawna could be considered to be the agent of Edward Smith, Edward Smith's policy was not physically received or accepted because Ms. Radunz refused to accept it. Furthermore, the first premium was not paid in full. Therefore, according to the express terms of the policy, the contract could not be in effect.

■ The only question remaining is that of coverage under the conditional receipt. Under the conditional receipt beneath the heading "Termination Date of Insurance," the receipt states that no insurance is provided

> after the termination date of the insurance which is determined separately for each policy applied for and is defined for each policy as the earliest date of the following: (see subsection 4). The date 60 days subsequent to the date of the application.

The insurance application was dated July 13, 1983. Coverage under the conditional receipt would have ended September 11, 1983. Mr. Smith died on September 22, 1983. Therefore, he was not covered under the conditional receipt.

 Going beyond the conditional receipt to the insurance policy itself, the bulk of Minnesota case law supports the proposition that a life insurance policy will not be effective until the first premium has been paid and the policy is delivered if the policy stipulates these conditions must be met before effectiveness. *Ziegler v. National Life & Accident Ins. Co.,* 441 F.2d 869 (8th Cir.1971); *Rogers v. Great–West Life Assur. Co.,* 138 F.2d 474 (8th Cir.1943); *Braman v. Mutual Life Ins. Co. of New York,* 73 F.2d 391 (8th Cir.1934). *Ziegler* is a representative case. Thomas Ziegler's application for insurance was similar to Edward Smith's. The application stated:

> Except as otherwise provided in the conditional receipt bearing the same date as this application, no contract of insurance shall be effective unless and until a policy has been issued and delivered to me during my lifetime in good health and unless full first premium on said policy shall have been paid.

*Id.* at 870. A conditional receipt was attached to the life insurance policy which stated that the policy would go into effect immediately if there was a deposit paid equal to at least one monthly premium. A deposit of $10.45 was paid at the time of the insurance application. The court held that the policy was not effective because it could only become effective when the first full premium was paid and the policy was delivered. *Id.* at 872. Mr. Smith's insurance application and conditional receipt had essentially the same language as Mr. Ziegler's application and receipt.

The Smith insurance policy was not constructively received because Shawna Radunz refused to pay the first full premium and because she refused to accept the policy. There could be no interim coverage under the conditional receipt because the 60 day effectiveness period ended before Edward Smith's death. There was no cov-erage under the insurance policy because according to the terms of the contract the policy would not be effective until the first premium had been paid and the policy had been physically delivered.

## DECISION

The trial court properly granted respondent's summary judgment.

AFFIRMED.